UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $449,970.00 UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

### PROPERTY SUBJECT TO FORFEITURE

3.  The property is described as follows: $449,970.00 United States currency ("seized currency"), which was seized after a traffic stop on September 29, 2023 from Eleazar Herrera in Victoria County, Texas. Victoria County is in the Southern District of Texas.

4.  On or about December 29, 2023, Adriana Jones submitted a claim through her attorney to the Drug Enforcement Agency ("DEA") contesting administrative forfeiture of the

seized currency. No other persons or entities have filed a claim contesting the administrative forfeiture of the seized currency.

## STATUTORY BASIS FOR FORFEITURE

5.   The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

6.   The seized currency is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, money laundering, and any property traceable to such property.

## FACTUAL BASIS FOR FORFEITURE

7.   On September 29, 2023, Victoria County Deputy Sheriff Jason Ellis conducted a traffic stop of a 2011 Kenworth tractor bearing a Texas license plate as it traveled southbound on U.S. Highway 59 to Inez, Victoria County from the Houston, Texas area.[1]  The driver and owner of the tractor was identified as Eleazar Herrera, a resident of Brownsville, Texas. The traffic stop was also based on information that the owner of the tractor was a money courier.[2]

8.   During the traffic stop, a Victoria County Sheriff's Department narcotic detecting K-9 was deployed to conduct an open-air sniff of the tractor. The K-9 alerted positively to the presence or odor of narcotics in the cab of the tractor, and Eleazar Herrera was detained while the tractor was

---

[1] The observed traffic violation was for following too closely to another commercial vehicle.

[2] On September 29, 2023, law enforcement obtained information from a reliable source that Eleazar Herrera would be transporting bulk currency to Brownsville, Texas in his tractor.

searched. The search of the tractor's cabin resulted in the discovery of an aftermarket compartment in the wall of the sleeper berth. The seized currency was found in the compartment. A later count of the currency determined the exact amount to be $449,970.00 United States currency.

9. Victoria County Deputy Sheriff Ellis contacted DEA Special Agent Derryk Scarvers who traveled with Special Agent Ilene Torres to the Victoria County Sheriff's Department to interview Eleazar Herrera and take custody of the seized currency. Under *Miranda* rights advisement and waiver thereof, Herrera stated to Special Agents Scarvers and Torres that he had traveled to Houston, Texas the day before his arrest to deliver a legitimate load of scrap metal. He spent the night in Houston and the following day, an individual known only as "Pelon" drove to his location and delivered a duffle bag with the seized currency. Herrera placed the currency in the aftermarket compartment and then sent a text message - "received" -to a preprogrammed number in his cell phone. When Herrera was questioned as to the source of the seized currency, he responded "drugs." Herrera was to deliver the currency to another individual in Brownsville, Texas the following day.

## CONCLUSION

Based on the foregoing facts, there is probable cause to believe that the seized currency was intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq. There is also probable cause to believe that the seized currency was involved in in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, international money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria, Laredo, Texas, 78040. A copy must also be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any person who reasonably appears to be potential claimant in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

BY:      <u>/s/ Mary Ellen Smyth</u>
Mary Ellen Smyth
Assistant United States Attorney
Texas Bar: 18779100
SDTX Admission: 31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78040
Ofc: 956-723-6523-9571
Email: Mary.Ellen.Smyth@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $449,970.00 UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

### PROPERTY SUBJECT TO FORFEITURE

3.  The property is described as follows: $449,970.00 United States currency ("seized currency"), which was seized after a traffic stop on September 29, 2023 from Eleazar Herrera in Victoria County, Texas. Victoria County is in the Southern District of Texas.

4.  On or about December 29, 2023, Adriana Jones submitted a claim through her attorney to the Drug Enforcement Agency ("DEA") contesting administrative forfeiture of the

seized currency. No other persons or entities have filed a claim contesting the administrative forfeiture of the seized currency.

## STATUTORY BASIS FOR FORFEITURE

5. The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

6. The seized currency is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, money laundering, and any property traceable to such property.

## FACTUAL BASIS FOR FORFEITURE

7. On September 29, 2023, Victoria County Deputy Sheriff Jason Ellis conducted a traffic stop of a 2011 Kenworth tractor bearing a Texas license plate as it traveled southbound on U.S. Highway 59 to Inez, Victoria County from the Houston, Texas area.[1] The driver and owner of the tractor was identified as Eleazar Herrera, a resident of Brownsville, Texas. The traffic stop was also based on information that the owner of the tractor was a money courier.[2]

8. During the traffic stop, a Victoria County Sheriff's Department narcotic detecting K-9 was deployed to conduct an open-air sniff of the tractor. The K-9 alerted positively to the presence or odor of narcotics in the cab of the tractor, and Eleazar Herrera was detained while the tractor was

---

[1] The observed traffic violation was for following too closely to another commercial vehicle.

[2] On September 29, 2023, law enforcement obtained information from a reliable source that Eleazar Herrera would be transporting bulk currency to Brownsville, Texas in his tractor.

searched. The search of the tractor's cabin resulted in the discovery of an aftermarket compartment in the wall of the sleeper berth. The seized currency was found in the compartment. A later count of the currency determined the exact amount to be $449,970.00 United States currency.

9. Victoria County Deputy Sheriff Ellis contacted DEA Special Agent Derryk Scarvers who traveled with Special Agent Ilene Torres to the Victoria County Sheriff's Department to interview Eleazar Herrera and take custody of the seized currency. Under *Miranda* rights advisement and waiver thereof, Herrera stated to Special Agents Scarvers and Torres that he had traveled to Houston, Texas the day before his arrest to deliver a legitimate load of scrape metal. He spent the night in Houston and the following day, an individual known only as "Pelon" drove to his location and delivered a duffle bag with the seized currency. Herrera placed the currency in the aftermarket compartment and then sent a text message - "received" -to a preprogrammed number in his cell phone. When Herrera was questioned as to the source of the seized currency, he responded "drugs." Herrera was to deliver the currency to another individual in Brownsville, Texas the following day.

## CONCLUSION

Based on the foregoing facts, there is probable cause to believe that the seized currency was intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq. There is also probable cause to believe that the seized currency was involved in in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, international money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria, Laredo, Texas, 78040. A copy must also be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any person who reasonably appears to be potential claimant in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

BY:     /s/ Mary Ellen Smyth
Mary Ellen Smyth
Assistant United States Attorney
Texas Bar: 18779100
SDTX Admission: 31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78040
Ofc: 956-723-6523-9571
Email: Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Derryk C. Scarvers, a Special Agent of the Drug Enforcement Administration (DEA), declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 7-9 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the _3rd_ day of _April_ 2024.


Derryk C. Scarvers, Special Agent
Drug Enforcement Administration